INDUSTRIAL TRUST COMPANY *vs.* FRANK L. HANLEY *et al.*

MARCH 22, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This bill in equity is before us on the appeal of respondent Hanley from a decree of the Superior Court declaring that a mortgage held by the complainant on a certain farm be a lien prior to the lien of a mortgage held by respondent Hanley.

In July, 1925, respondent Tucker acquired title to the farm subject to a first mortgage of $1,900. At the same time she obtained from James L. Pettis, testator of respondent Hanley, a loan of $2,800, and gave as security a second mortgage on the same premises. About four years thereafter the holder of the first mortgage demanded payment.

The complainant, having agreed to finance said payment, and being unaware of the existence of the second mortgage, paid and secured the discharge of the first mortgage and

accepted as security a new mortgage on the farm for $1,700 executed by Miss Tucker. Upon discharge of the first mortgage, the Pettis mortgage became the first mortgage of record and the complainant's mortgage, although purporting to be a first mortgage, became a second mortgage of record. Having paid the original first mortgage, the complainant is seeking to be subrogated to the rights which the holder of said mortgage had under his mortgage immediately prior to the payment and discharge thereof.

The decree complained of granted relief as prayed. Although no deceit was practiced, it is clear that the complainant was mistaken as to the title and it is not disputed that the agreement was that Miss Tucker would give and the complainant receive a first mortgage.

There are two well recognized classes of subrogation, *viz.*, legal and conventional. Legal subrogation arises where a person under a secondary obligation to pay a debt does so, and thereupon becomes subrogated to any right which the creditor may have had, particularly in the nature of security, as against the primary obligor.

Conventional subrogation, based—as the name implies—upon an agreement, exists where a person, under no obligation originally, undertakes by agreement with an obligor to pay his debt, with the understanding and agreement that he will have the same or equivalent security to that held by the original creditor. If the new security fails for any reason, the person paying the obligation will be subrogated to the rights of the original creditor, provided that the entire transaction places no innocent third party in a position more unfavorable than he originally stood.

The facts bring this case within the class of conventional subrogation. The complainant was not a mere volunteer but acted in accordance with an agreement. Mistake is considered a proper ground for relief in equity. *Conti* v. *Fisher*, 134 Atl. 849. It is immaterial that the holder of the junior encumbrance took no part in the transaction. He is in no worse position by reason of applying the rule—see *Federal*

**182**

*Land Bank of Springfield* v. *Smith,* 151 Atl. 420—and he is not entitled to be unjustly enriched by the mistake. It is not essential that the situation be brought about by fraud—*Ingram* v. *Jones,* 47 Fed. 2nd (C. C. A.) 135, and relief will not be denied by reason of the fact that complainant failed to find the junior encumbrance upon the record. *Hill* v. *Ritchie,* 98 Atl. (Vt.) 497; *Home Savings Bank* v. *Bierstadt,* 168 Ill. 618; *Miller* v. *Scott,* 23 Ohio. App. 50; *First National Bank* v. *Moore,* 88 Ind. App. 189; *Jackson Trust Co.* v. *Gilkinson,* 147 Atl. (N. J.) 113; 70 A. L. R. 1396 *et seq.*

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Huddy & Moulton, Stuart H. Tucker,* for complainant.
*Daniel A. Colton,* for respondent.